UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
DAWOOD ALZANAM,

                                PLAINTIFF,    Civil Action No.: 1:22-cv-01017
    AGAINST                                                   (DNH/CFH)

CITY OF KINGSTON, CITY OF KINGSTON POLICE
DEPARTMENT, POLICE OFFICER TRAVIS WILBER
and POLICE OFFICER DYLAN JOSLIN-PETER,

                                DEFENDANTS.
-----------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

By:_____
Michael T. Cook, Esq.
Cook, Kurtz & Murphy, P.C.
Federal Bar Roll No.: 512241
Attorneys for Defendant
85 Main Street, PO Box 3939
Kingston, New York 12402

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES……………………………………………………………..2-3

PRELIMINARY STATEMENT……………………………………………………….....4

STATEMENT OF FACTS…………………………………………………………………6

STANDARD OF REVIEW…………………………………………………………………7

ARGUMENT

POINT I          THE CITY OF KINGSTON POLICE DEPARTMENT IS A
                 MUNICIPAL SUBDIVISION WHICH IS NOT CAPABLE OF
                 BEING SUED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

POINT II         PLAINTIFF'S COMPLAINT RELIES ENTIRELY UPON
                 IMPERMISSIBLE "GROUP PLEADINGS" AND, AS SUCH,
                 THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY . . . . . . . 9

POINT III        PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO
                 PLAUSIBLY PERMIT RECOVERY PURSUANT TO *MONELL*
                 AND   HIS THIRD CAUSE OF ACTION SHOULD BE DISMISSED . . . . . 10

POINT IV         PLAINTIFF'S FOURTH CAUSE OF ACTION SHOULD BE
                 DISMISSED BECAUSE HE ALLEGES THAT THE OFFICERS
                 WERE ACTING IN THEIR CAPACITY AS EMPLOYEES . . . . . . . . . . . . .11

POINT V          PLAINTIFF'S FIFTH CAUSE OF ACTION SHOULD BE
                 DISMISSED BECAUSE THERE IS NO CAUSE OF ACTION
                 FOR NEGLIGENT ASSAULT AND BATTERY . . . . . . . . . . . . . . . . . . . . . .12

POINT VI         A MUNICIPAL ENTITY CANNOT BE FOUND LIABLE FOR
                 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND
                 PLAINTIFF OTHERWISE FAILS TO PLEAD SUFFICIENT FACTS
                 TO ENTITLE HIM TO RECOVERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

POINT VII        PLAINTIFF'S CLAIM FOR FAILURE TO INTERVENE IS
                 FACIALLY DEFECTIVE AND THE SEVENTH CAUSE OF
                 ACTION SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

# **TABLE OF AUTHORITIES**

***Adamou v. Cty of Spotsylvania, Va.,*** 2016 WL 1064608 (S.D.N.Y. 2016). . . . . . . . . 9

***Allaire Corp. v. Okumus***, 433 F.3d 248 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . 7

***Ashcroft v. Iqbal,*** 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

***Atuahene v. City of Hartford,*** 10 Fed. Appx. 33 (2d Cir. 2001) . . . . . . . . . . . . . . . . . .9

***Bellamy v. City of New York,*** 914 F.3d 727 (2d Cir. 2019) . . . . . . . . . . . . . . . . . . . .10

***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . .7

***Bradford v. Waterford Police Dept.,*** 2015 WL 1349197 (N.D.N.Y. 2015) . . . . . . . . . . 8

***Buchy v. City of White Plains***, 2015 WL 8207492 (S.D.N.Y. 2015) . . . . . . . . . . . . . . .15

***Clay v. Cnty. Of Clinton,*** 2012 WL44485952 (N.D.N.Y. 2012) . . . . . . . . . . . . . . . . . .15

***Cotto v. City of New York,*** 803 Fed. Appx. 500 (2d Cir. 2020) . . . . . . . . . . . . . . . . . .11

***Crute v. Johnson City Police Department,*** 2018 WL 4908103 (N.D.N.Y. 2018). . . . .8

***Cuellar v. Love***, 2014 WL 1486458 (S.D.N.Y. 2014). . . . . . . . . . . . . . . . . . . . . . . . . 15

***Eckhardt v. City of White Plains,*** 87 A.D.3d 1049 (2d Dept. 2011) . . . . . . . . . . . . . . 13

***Grant v. City of Syracuse***, 2017 WL 5564605 (N.D.N.Y. 2017) . . . . . . . . . . . . . . . . . 12

***Jackson v. Onondaga Cnty.***, 549 F.Supp.2d 202 (N.D.N.Y. 2008) . . . . . . . . . . . . . . . 15

***Jean-Laurent v. Wilkinson***, 540 F.Supp.2d 501 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . .15

***Johnson v. City of New York,*** 148 A.D.3d 1126 (2d Dept. 2017) . . . . . . . . . . . . . . . . 12

***Lynch v. State,*** 2 A.D.3d 1002 (3d Dept. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

***Maroney v. Village of Norwood,*** 2020 WL 4284133 (N.D.N.Y. 2020) . . . . . . . . . . . . .8

***Monell v. Dept. of Soc. Servs. of City of New York.,*** 436 U.S. 658 (1978) . . . . . .10, 11

***Moore v. Melesky,*** 14 A.D.3d 757 (3d Dept. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . .13

***Oteri v. Village of Pelham,*** 100 A.D.3d 725 (2d Dept. 2012) . . . . . . . . . . . . . . . . . . . .12

***Overall v. Estate of Klotz,*** 52 F.3d 398 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 13

***Rafferty v. Argnot Ogden Memorial Hospital,*** 140 A.D.2d 911 (3d Dept.1988) . . . . . 12

***Ricciuti v. N.Y.C. Trans. Auth.,***124 F.3d 123 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . 15

***Robles v. Cox and Co., Inc.,*** 841 F.Supp.2d 615 (E.D.N.Y. 2012) . . . . . . . . . . . . . . . .13

***Rossetti v. Board of Educ. of Schalmont Cent. Sch. Dist.*, 277**
A.D.2d 668 (3d Dept. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

***Specht v. City of New York*,** 15 F.4th 594 (2d Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . 14

***Spring v. Allegany-Limestone Cent. Sch. Dist.,***
138 F. Supp.3d 282 (W.D.N.Y. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

***Thomas v. City of Troy*,** 293 F.Supp.282 (N.D.N.Y. 2018) . . . . . . . . . . . . . . . . . . . . . . .7

***Wertzberger v, City of New York*,** 254 A.D.2d 352 (2d Dept. 1998) . . . . . . . . . . . . . . .12

***Ying Li v. City of New York,*** 246 F.Supp.3d 578 (E.D.N.Y. 2017) . . . . . . . . . . . . . . . . 15

## PRELIMINARY STATEMENT

This §1983 action was originally commenced by the plaintiff, Dawood Alzanam, by the filing of a summons and complaint in the Office of the Ulster County Clerk on August 30, 2022. (See Document No. 2).  The defendants, City of Kingston, City of Kingston Police Department, Police Officer Travis Wilber, and Police Officer Dylan Joslin-Peter, were served with a copy of the complaint on or about September 7, 2022. The defendants thereafter filed a notice of petition for removal to the Northern District of New York on or about September 28, 2022. (See Document No. 1). The basis of the instant motion is that the claims against the defendants are facially insufficient and, further, that they fail to state a cause of action for which relief may be granted. As such, this Court should dismiss the case in its entirety.

## STATEMENT OF FACTS

The facts of the case, taken wholly from Plaintiff's complaint are as follows: on or about June 5, 2021, at approximately 9:35 p.m., Plaintiff was "a lawful pedestrian at or near the intersection of Broadway (Rt. 32) and Elmendorf Street/Liberty Street" in Kingston, New York, when he was "assaulted, confined, unduly restrained, falsely arrested, and falsely imprisoned" by the defendants on charges of "disorderly conduct." (See Document No. 2 at ¶ 15—17). Plaintiff was thereafter brought to Kingston Hospital before being transferred to MidHudson Regional Hospital. Plaintiff alleges that, while at MidHudson, taser prongs were removed from his face; Plaintiff does not plead how the prongs became lodged in his face or what he was doing at that time. (See Document No. 2 at ¶ 18-19). On September 14, 2021, the disorderly conduct charge was adjourned in contemplation of dismissal. The charge was ultimately dismissed on March 13, 2022. (See Document No. 2 at ¶ 21).

It should be noted that the "Statement of Facts" section of the complaint contains six paragraphs, none of which distinguish which officer or officers engaged in any of the allegedly unconstitutional conduct. (See Document No. 2 at ¶ 15-21).

## **STANDARD OF REVIEW**

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" **Ashcroft v. Iqbal,** 556 U.S. 662, 663 (2009) (quotations omitted). While a court must accept as true the factual allegations contained in a complaint and draw all permissible inferences in a plaintiff's favor, **Allaire Corp. v. Okumus**, 433 F.3d 248, 249-50 (2d Cir. 2006), "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." **Thomas v. City of Troy,** 293 F.Supp.282, 293 (N.D.N.Y. 2018) citing **Iqbal**, 129 S.Ct. at 1949.  Courts should grant a motion to dismiss when the pleading, including any material annexed thereto, lacks facts "to state a claim to relief that is plausible on its face." **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544,  570 (2007).

## POINT I

### THE CITY OF KINGSTON POLICE DEPARTMENT IS A MUNICIPAL SUBDIVISION WHICH IS NOT CAPABLE OF BEING SUED.

It is well settled that a municipal police department is "not amenable to suit under 42 U.S.C. § 1983 because it is merely an administrative arm of a municipality and does not have a separate legal identity from that of the municipality itself." ***Maroney v. Village of Norwood*, 2020 WL 4284133 at \*6 (N.D.N.Y. 2020)** citing ***Bradford v. Waterford Police Dept.*, 2015 WL 1349197 (N.D.N.Y. 2015)**(Hurd, J.) see also ***Crute v. Johnson City Police Department*, 2018 WL 4908103 (N.D.N.Y. 2018)**. The defendants in ***Maroney*** moved to dismiss and argued, among other things, that the Village of Norwood Police Department lacked any separate legal identity and, therefore, could not be sued. The plaintiff opposed on the basis that more evidence was required to determine whether the Police Department is an administrative arm of the Village. In granting the Village's motion as it related to the police department, the Court noted that the plaintiff's own complaint had alleged that the police department was "the administrative law enforcement arm of Defendant Village of Norwood" and, as such, the department was not amenable to suit. Significantly, Plaintiff in the instant matter has specifically pled that the City of Kingston "has established and maintains a Department of Police as a constituent department or agency." (See Document No. 2 at ¶ 5). Thus, as in ***Norwood***, this Court should dismiss the complaint against the City of Kingston Police Department because it has no separate legal existence and cannot be sued.

## POINT II

### PLAINTIFF'S COMPLAINT RELIES ENTIRELY UPON IMPERMISSIBLE "GROUP PLEADINGS" AND, AS SUCH, THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY.

It is well settled that a complaint fails to meet the minimum pleading requirements where it "lumps all the defendants together in each claim and provide[s] no factual basis to distinguish their conduct." ***Adamou v. Cty of Spotsylvania, Va.,* 2016 WL 1064608, at \*11 (S.D.N.Y. Mar. 14, 2016)**(citing ***Atuahene v. City of Hartford,* 10 Fed. Appx. 33, 34 (2d Cir. 2001);** see also ***Spring v. Allegany-Limestone Cent. Sch. Dist.,* 138 F. Supp.3d 282, 293 (W.D.N.Y. 2015)**("Because the personal involvement of a defendant is a prerequisite to an award of damages under §1983, a plaintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations"). As such, in the absence of specific allegations demonstrating personal involvement, a complaint fails to state a cause of action and the case should be dismissed.

Plaintiff does not make a single specific factual allegation throughout the entire complaint. For example, Plaintiff alleges that Officer Wilber and Officer Dylan "injured and maimed the plaintiff ALZANAM such that he was unable to move freely or otherwise leave the scene without apprising him as to why he was being placed under arrest"; that the City of Kingston, City of Kingston Police Department, Officer Wilber and Officer Joslin-Peter "assaulted, confined, unduly restrained, falsely arrested and falsely imprisoned" the plaintiff; and that the City of Kingston, City of Kingston Police Department, Police Officer Wilber and Police Officer Joslin-Peter "maliciously and intentionally detained, falsely detained, falsely imprisoned and humiliated" the plaintiff in violation of his constitutional rights.  (See Document No. 2 at ¶16, 24, 33).

Because the allegations are facially defective and fail to specify the conduct of each defendant giving rise to any of the claims, the complaint should be dismissed in its entirety. Indeed, there is not a single factual allegation which notes any specific action taken by Officer Wilber or Officer Joslin-Peter individually. Significantly, Plaintiff claims that this altercation left him requiring medical attention for the removal of taser prongs, however, he does not even plead that either officer ever utilized their taser.

The use of impermissible group pleadings is particularly defective as applied to the First and Second Causes of Action, in which Plaintiff asserts claims for false arrest and malicious prosecution. Indeed, Plaintiff makes no effort to distinguish the specific actions of anyone involved in his arrest or to plead facts which, if true, would state a cause of action. Because there are no allegations in the complaint which provide notice of specific conduct to any of the named defendants, this Court should dismiss the same for failure to state a cause of action.

## POINT III

**PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO PLAUSIBLY PERMIT RECOVERY PURSUANT TO *MONELL* AND HIS THIRD CAUSE OF ACTION SHOULD BE DISMISSED**.

To establish liability under ***Monell v. Dept. of Soc. Servs. of City of New York.,*** 436 U.S. 658 (1978), a plaintiff must show that he suffered the deprivation of a constitutional right and that such denial was caused by an official municipal policy or custom. ***Bellamy v. City of New York,*** 914 F.3d 727, 756 (2d Cir. 2019). Conclusory allegations which merely recite the elements of a cause of action and do not plausibly allege a policy or custom which allowed the alleged constitutional violations to occur are

insufficient to state a cause of action. ***Cotto v. City of New York***, 803 Fed. Appx. 500, 504 (2d Cir. 2020).

As previously noted, Plaintiff's complaint only contains six separate factual allegations. (See Document No. 2 at ¶ 15-21). None of these paragraphs indicate or otherwise allege that either of the responding officers wielded any decision-making authority or that they were acting pursuant to any official municipal custom. Instead, without offering a single factual allegation to support the cause of action, Plaintiff claims that the City of Kingston and City of Kingston Police Department "have, as a matter of policy, failed to take steps to terminate the above detailed practices and have failed to discipline or otherwise properly supervise the individual officer engaged in such practices . . . has sanctioned the above-described policy and practices through its deliberate indifference to the effect of said policy upon the constitutional and civil rights of plaintiff . . ." (See Document No. 2 at ¶ 55-56). Plaintiff does not plead any facts which identify the alleged policy and similarly fails to reference even a single other incident which supports its existence. Because Plaintiff fails to plausibly allege a municipal policy or custom, he has failed to set forth facts which would permit recovery pursuant to ***Monell v. Dept. of Soc. Servs. of City of New York.,*** 436 U.S. 658 (1978) and the cause of action should be dismissed.

### POINT IV

**PLAINTIFF'S FOURTH CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE HE ALLEGES THAT THE OFFICERS WERE ACTING IN THEIR CAPACITY AS EMPLOYEES.**

It is well settled that a cause of action for negligent hiring, retention, and supervision cannot continue where the defendant is alleged to have been acting in the

scope of his employment. ***Grant v. City of Syracuse***, 2017 WL 5564605 at *16 (N.D.N.Y. 2017) citing ***Rossetti v. Board of Educ. of Schalmont Cent. Sch. Dist., 277*** A.D.2d 668 (3d Dept. 2000). Plaintiff, in the present case, has alleged that the named defendants were "employed by Defendant CITY OF KINGSTON, CITY OF KINGSTON POLICE DEPARTMENT, as police officers . . . were acting within the scope of their employment as police officers with CITY OF KINGSTON, CITY OF KINGSTON POLICE DEPARTMENT." (See Document No. 2 at ¶ 3-4). Because Plaintiff specifically alleges that the defendants were acting within the scope of their employment, the claims for negligent hiring retention and supervision should be dismissed.

## POINT V

### PLAINTIFF'S FIFTH CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE THERE IS NO CAUSE OF ACTION FOR NEGLIGENT ASSAULT AND BATTERY

Plaintiff's Fifth Cause of Action states, in relevant part that: "the assault and battery committed by defendants against plaintiff . . . were caused solely by reason of the negligence of the defendants . . ." (See Document No. 2 at ¶ 66). However, it is well established that "No cause of action to recover damages for negligent assault exists in New York." ***Oteri v. Village of Pelham, 100 A.D.3d 725 (2d Dept. 2012)*** citing ***Wertzberger v, City of New York, 254 A.D.2d 352 (2d Dept. 1998)***; ***Rafferty v. Argnot Ogden Memorial Hospital, 140 A.D.2d 911 (3d Dept. 1988)*** see also ***Johnson v. City of New York, 148 A.D.3d 1126 (2d Dept. 2017)***. Because Plaintiff specifically pleads that his "assault" was caused by the defendants' negligence, the Fifth Cause of Action should be dismissed for failure to state a claim.

### POINT VI

**A MUNICIPAL ENTITY CANNOT BE FOUND LIABLE FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PLAINTIFF OTHERWISE FAILS TO PLEAD SUFFICIENT FACTS TO ENTITLE HIM TO RECOVERY.**

Plaintiff's Sixth Cause of Action alleges that the defendants' conduct was so "outrageous and shocking that it exceeded all reasonable bounds of decency tolerated by the average member of the community." (See Document No. 2 at ¶ 69). The complaint further alleges that, as a result of this conduct, Plaintiff suffered "debilitating physical, emotional, and psychological distress . . ." (See Document No. 2 at ¶ 72). The cause of action is alleged against the individually-named defendants, as well as the municipal defendants.

As a preliminary matter, it is well settled that a claim for intentional infliction of emotional distress cannot be maintained against governmental entities. ***Moore v. Melesky*, 14 A.D.3d 757 (3d Dept. 2005)** citing ***Lynch v. State*, 2 A.D.3d 1002 (3d Dept. 2003)** see also ***Eckhardt v. City of White Plains*, 87 A.D.3d 1049 (2d Dept. 2011)**. As such, the claims against the City of Kingston and City of Kingston Police Department should be dismissed in their entirety.

Beyond the fact that municipal entities cannot be found liable for intentional infliction of emotional distress, the entire Cause of Action is untimely. Indeed, such claims are subject to a one-year statute of limitations. ***Robles v. Cox and Co., Inc.,* 841 F.Supp.2d 615 (E.D.N.Y. 2012)** citing C.P.L.R. §215(3); ***Overall v. Estate of Klotz*, 52 F.3d 398 (2d Cir. 1995)**. The conduct giving rise to this action is alleged to have occurred

on June 5, 2021, however, Plaintiff did not file his summons and complaint until August 30, 2022. Thus the Sixth Cause of Action should be dismissed as untimely.

However even if Plaintiff's claim were timely, it should nonetheless be dismissed as facially defective because it fails to plausibly allege: 1) extreme and outrageous conduct; 2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; 3) a causal connection between the conduct and the injury; and 4) severe emotional distress. ***Specht v. City of New York*, 15 F.4th 594, 606 (2d Cir. 2021)**. Moreover, a Plaintiff cannot survive a motion to dismiss where he only offers conclusory allegations that he suffered emotional distress. **Id.**

Plaintiff in the present case has not alleged any specific facts which rise to the level of "extreme and outrageous" such that it would satisfy the threshold requirements for intentional infliction of emotional distress. Indeed, rather than allege specific facts which provide fair notice of actions taken by the defendants, Plaintiff claims that he was "assaulted, confined, unduly restrained, falsely arrested, and falsely imprisoned." (See Document No. 2 at ¶ 16). These conclusory legal terms, without any supporting factual allegations, cannot support a claim for IIED. Moreover, the extent of the "severe emotional distress" that is hinted at is the allegation that Plaintiff "sustained severe and debilitating physical, emotional and psychological distress, anguish, anxiety, fear, humiliation, and soreness." (See Document No. 2 at ¶ 72). Again, there is not a single specific allegation offered in support of this claim but, instead, Plaintiff simply offers the conclusory assertion that he suffered emotional distress. Because such allegations have been flatly rejected by the Second Circuit, Plaintiff's Sixth Cause of Action should be dismissed.

**POINT VII**

**PLAINTIFF'S CLAIM FOR FAILURE TO INTERVENE IS FACIALLY DEFECTIVE AND THE SEVENTH CAUSE OF ACTION SHOULD BE DISMISSED.**

It is well settled that, in order to establish a cause of action for failure to intervene, a plaintiff must show that 1) the officer's failure permitted fellow officers to violate the plaintiff's clearly established rights; and 2) that it was objectively unreasonable for the officer to believe that the plaintiff's rights were not being violated. ***Buchy v. City of White Plains***, 2015 WL 8207492 at *3 (S.D.N.Y. 2015) citing ***Ricciuti v. N.Y.C. Trans. Auth.,*** 124 F.3d 123, 129 (2d Cir. 1997). The use of force must have been of a "sufficient duration" and afforded an officer a "reasonable opportunity" to intervene. **Id.** citing ***Jean-Laurent v. Wilkinson***, 540 F.Supp.2d 501, 513 (S.D.N.Y. 2008). Where an officer is a direct participant in the allegedly excessive force, the failure to intervene theory of liability is inapplicable. ***Cuellar v. Love***, 2014 WL 1486458 at *8 (S.D.N.Y. 2014). A pleading will be dismissed where it resorts to conclusory allegations which do not give any of the defendants "fair notice of what Plaintiff's claim is and the grounds upon which it rests." ***Ying Li v. City of New York,*** 246 F.Supp.3d 578, 619-620 (E.D.N.Y. 2017) citing ***Jackson v. Onondaga Cnty.***, 549 F.Supp.2d 202, 212 (N.D.N.Y. 2008); ***Clay v. Cnty. Of Clinton***, 2012 WL44485952 at *14 (N.D.N.Y. 2012).

Plaintiff's seventh and final Cause of Action appears to be a hybrid cause of action for "failure to intervene" and "deliberate indifference." Specifically, Plaintiff alleges that the City of Kingston and City of Kingston Police Department "through other officers who are unknown at this time, by their conduct and under color of law, had opportunities to intercede on behalf of Plaintiff ALZANAM to prevent the excessive force but due to their

internal conduct or deliberate indifference declined or refused to do so." (See Document No. 2 at ¶ 75). Plaintiff fails to identify when or where the alleged conduct occurred. The complaint similarly does not indicate that any John Doe Officers were present at the time that he was "negligently assaulted" or falsely imprisoned. Instead, Plaintiff asserts that someone, somewhere, had an opportunity to intervene against some unspecified conduct but nonetheless failed to do so. Because Plaintiff fails to provide the defendants with "fair notice of what Plaintiff's claim is and the grounds upon which it rests," the Seventh Cause of Acton should be dismissed in its entirety.

## **CONCLUSION**

Based upon the foregoing, Plaintiff has failed to state a plausible cause of action for which relief may be granted. Indeed, the complaint fails to set forth specific factual allegations which support any of his claims and, as such, the complaint should be dismissed in its entirety. Moreover, Plaintiff's reliance on group-pleadings, without specifying the unique actions of any of the defendants cannot withstand a motion to dismiss because it fails to give the defendants fair notice of their allegedly unconstitutional conduct. The complaint similarly fails to provide any specific factual allegations which relate to the claims for false arrest or malicious prosecution; indeed, the limited factual allegations simply state that the defendants assaulted and arrested Plaintiff without providing any information giving rise to that interaction. As such, the claims for false arrest and malicious prosecution are facially defective and should be dismissed. Plaintiff similarly fails to plead facts which demonstrate the existence of a municipal policy or custom such that he would be entitled to recovery under ***Monell***. Plaintiff further undermines his cause of action for negligent hiring, retention, and supervision by specifically pleading that the individual officers were acting in the scope of their employment. Moreover, Plaintiff cannot recover for "negligent assault" and his cause of action for intentional infliction of emotional distress is time-barred. Finally, the cause of action for "failure to intervene" contains no specific factual allegations whatsoever and there is no indication when the "unknown officers" are alleged to have even been present. In short, Plaintiff's broad and conclusory allegations cannot state a claim for relief under any the enumerated causes of action and, as such, this Court should dismiss the complaint in its entirety, with prejudice.